MALCO-ARKANSAS THEATRES, INC., ET AL v. COLE ET AL.

4-5578                                             132 S. W. 2d 174

Opinion delivered October 16, 1939.

*Joseph R. Brown,* for appellants.

*Partain & Agee,* for appellees.

HOLT, J.   Appellees brought suit against appellants in the Crawford circuit court for damages which they

alleged were caused by appellants negligently permitting water from their premises to damage the property of appellees.

The acts of negligence complained of, as set out in appellees' complaint, are: ''Defendants on or about March 5, 1938, and prior thereto, operated and controlled and had charge of the building adjacent to the building owned by the plaintiff, Ray Cole, and just north of his said building; that at that time and prior thereto the defendants carelessly and negligently maintained their said building and permitted same to be in a condition so that the water from off their building caused by rain falling thereon was permitted and caused to flow onto and against the rear wall of the building belonging to the plaintiff, Ray Cole; that the defendants carelessly and negligently maintained said building and the drainage from same in that there was no downspout or means of carrying off the water from defendants' building, but same was carelessly and negligently caused to collect in a gutter or drain, and since there was no downspout said water ran off and against and blew against the said rear wall of plaintiff's building so that finally by reason of such carelessness and negligence the mortar between the bricks of plaintiff Cole's building was washed out and came out, and the said rear wall was caused to fall to said plaintiff's damage as hereinafter complained of.

''That as above stated, the plaintiffs, Ray Cole and H. J. Sellers, owned and operated a bakery and place of business in the Cole building, and by reason of the said wall falling and the resultant coming in of wind and water, and its contact with their machinery, fixtures, wares, merchandise, ovens, and other property, their said property and business were damaged, as hereinafter complained of, by reason of the acts of negligence of the defendants, as hereinabove complained of.''

The answer of appellants was a general denial of every material allegation in the complaint of appellees.

On a trial to a jury a verdict was returned in favor of appellee, Ray Cole, in the sum of $500 for damage to

the building in question, and for $500 as damages to the personal property of both appellees, or a total sum of $1,000. From this judgment comes this appeal.

The evidence in this case is to the following effect: The Malco Realty Company, Inc., purchased part of lots 11 and 12, block 26, in Van Buren, Arkansas, on May 7, 1937. The Rio Theatre in Van Buren is built on this property. On June 8, 1937, the Malco Realty Company, Inc., leased this property for a term of five years to appellant, Malco-Arkansas Theatres, Inc. Subsequently on September 3, 1938, the Malco-Arkansas Theatres, Inc., assigned their lease to Malco Theatres, Inc., and on the same day the Malco Theatres, Inc., leased the property to the Van Buren Enterprises, Inc. While the record reflects that some of these corporations have the same officers, yet they are separate and distinct corporations.

On March 5, 1938, during a heavy rain, a portion of the rear wall of the Rio Theatre building fell, and also a portion of the rear wall of the adjoining building owned by appellee, Ray Cole. There was no rear downspout on the Rio Theatre building next to appellee Ray Cole's building at the time of the alleged damage, nor was there any downspout on said theatre building at the time appellant, Malco-Arkansas Theatres, Inc., took over the building under the terms of its lease, nor at the time Van Buren Enterprises, Inc., took over the leased building from Malco Theatres, Inc.

The evidence shows that the condition of the downspout complained of was unchanged for sometime before the Malco-Arkansas Theatres, Inc., rented the building. Appellees' witness, Searcy Ireland, testified on this point: "A. Well, somewhere around between twelve and two o'clock, the building just fell in; part of the brick fell in the shop, but most of them fell out in the alley on the post office lot. Q. Did some of them fall inside? A. A few of them. Q. Before this happened, what had been the condition of the building north of your building (meaning the theatre building) as to a downspout? A. There wasn't any. Q. Can you tell the jury

what that caused when it rained? A. From time to time, I always came to work through the back door and I noticed from time to time when it rained, that the water would go on the building (the Cole building) and was gradually washing the mortar out from between the bricks. Q. The water was coming from where? A. The top of that building (theatre building). Q. Tell the jury if there was any water came from the Cole building where he had this downspout? A. No, sir. . . . Q. Do you know how long the building had been in that condition prior to this rain? A. No, sir, but I have noticed, I have been working up there over two years, I have noticed every once in a while, the water blowing onto the building and gradually washing the mortar away."

The evidence further discloses that at the time of the alleged damage complained of on March 5, 1938, appellant, Malco-Arkansas Theatres, Inc., occupied the theatre property in question as lessee and tenant of the Malco Realty Company, Inc., and was in charge and control of the building, but it was not the owner of the leased premises.

The testimony further reflects that appellant, Van Buren Enterprises, Inc., did not occupy the theatre building as a lessee and tenant, or in any other capacity, until September 3, 1938, almost six months after the alleged damage occurred.

Appellants earnestly contend (1) that the trial court erred in not directing a verdict in their favor for the reason that appellant, Malco-Arkansas Theatres, Inc., was at the time of the alleged injury and damage a tenant and lessee of the Malco Realty Company, Inc., and that appellant, Van Buren Enterprises, Inc., did not succeed to the occupancy and control of the theatre building until almost six months after the alleged damage; and (2) that the damages awarded are excessive.

Under the view that we take of this case it will not be necessary to consider appellants' second assignment.

As to appellant, Malco-Arkansas Theatres, Inc., we think the evidence fails to disclose any liability for the

reason that at the time of the alleged damage it was a lessee and tenant of the Malco Realty Company, Inc., was not the owner of the property, but was in charge and control only as a lessee and tenant.

We think the law is well established that in this situation this company as lessee could not be held liable for a defective condition in the leased premises, or for a nuisance, which caused injury and damage to the adjoining Cole property, when such defective condition, or nuisance, was present when it took over under the lease and in fact existed, according to the testimony, for sometime prior thereto. The rule applicable here appears to be well stated in 36 C. J. 249, § 969: "A tenant will be liable to an adjoining or neighboring landowner for injury to the latter's property resulting from a nuisance created by the tenant on the demised premises. He is, however, under no duty to change the condition of the premises when a nuisance existed at the time of the letting, and will not be liable for injuries arising from the existence of such a nuisance."

In the case of *Meyer* v. *Harris,* 61 N. J. L. 83, 38 Atl. 690, the Supreme Court of New Jersey, in considering the principle involved here, held "A tenant for years is not responsible in damages to a third person for maintaining and keeping in repair, upon the demised premises, a structure, erected thereon by his landlord prior to the commencement of his term, which operates to the nuisance of such third person. The remedy of the injured party is against the landlord alone."

Since the undisputed evidence in this case discloses that appellant, Van Buren Enterprises, Inc., did not occupy the theatre building in question as a lessee and tenant until September 3, 1938, almost six months after the alleged damage, we hold that no liability can attach to it.

The evidence in this case, as we view it on this record, fails to support appellees' contention that the Van Buren Enterprises, Inc., is but a reorganization and continuation of the Malco-Arkansas Theatres, Inc.

We conclude, therefore, that the trial court erred in refusing to hold as a matter of law that neither of the appellants was liable, and accordingly the judgment is reversed, and the cause dismissed.

MEHAFFY, J., dissents.